# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF SEIU-UNITED SERVICE WORKERS WEST and SAN DIEGO COUNTY EMPLOYERS TRUST FUND formerly known as S.E.I.U. LOCAL 1877 and SAN DIEGO COUNTY EMPLOYERS SECURITY TRUST FUND, in their capacity as fiduciaries for the SEIU-UNITED SERVICE WORKERS WEST and SAN DIEGO COUNTY EMPLOYERS TRUST FUND,<br><br>Plaintiff,<br>v.<br>SBM SITE SERVICES, LLC, an Oregon limited liability company,<br><br>Defendant. | Civil No. 15cv364-BAS (DHB)<br><br>**ORDER REGARDING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>**[ECF No. 25]** |

On November 19, 2015, the parties filed a Joint Motion for Determination of Discovery Dispute. (ECF No. 25.) Plaintiff requests the Court compel Defendant to produce records in response to Plaintiff's Requests for Production Nos. 3 through 10. Defendant opposes, arguing the discovery requests exceed the scope of the time period alleged in the First Amended Complaint. Having reviewed the parties' submissions and supporting exhibits, the Court **GRANTS** Plaintiff's motion to compel discovery, as outlined below.

## I. BACKGROUND

On February 19, 2015, Plaintiff filed this lawsuit alleging Defendant breached a collective bargaining agreement by failing to pay health and welfare contributions on behalf of union employees working at Genentech facilities in the Oceanside area. (ECF No. 1.) In the initial Complaint, Plaintiff alleged that Defendant was audited for a single year – January 2013 through December 2013 – and that the audit revealed Defendant underpaid contributions by $1,197.64. (*Id.* at ¶¶13, 15.)

On July 17, 2015, Plaintiff sought leave to amend the Complaint. (ECF No. 13.) In the motion to amend, Plaintiff stated that it sought to amend the Complaint in order to extend the time period of the claim so that Plaintiff could seek to recover "all amounts that may be discovered in the Defendant's records which include time periods not explicitly set forth in the original Complaint." (ECF No. 13.) On July 31, 2015, Defendant filed a notice of non-opposition, indicating it did not oppose Plaintiff's request to amend the Complaint. (ECF No. 17.)

Plaintiff's motion to amend was granted, and the First Amended Complaint ("FAC") was filed on July 31, 2015. (ECF No. 19.) The FAC alleges, in relevant part:

> 13. The Trust Fund requested that the Employer comply with an audit of the books and records of the Employer for the period of January 2013 through December 2013.
>
> 14. Based on the information and records provided by the Employer, the Trust Fund's auditors prepared and completed an audit of the Employer ("Audit").
>
> 15. The Audit discovered under-reported contributions owed by the Employer to the Trust Fund totaling $1,197.64. To date, the Employer has failed and refused to pay this delinquency.
>
> 16. The Employer's failure to make required contributions remains unremedied and is continuing.
>
> . . .
>
> 20. Employer has a continuing monthly obligation to remit

> contributions to the Trust Fund on behalf of all employees performing work covered under the Agreements; therefore, should additional amounts be discovered as due and owing by Employer, those amounts will be proven at the time of trial or other hearing.

(ECF No. 19.)

On August 10, 2015, Plaintiff served Request for Production of Documents, Set One on Defendants. (ECF No. 25-6.) In Requests Nos. 3 through 10, Plaintiff requested documents for an "EXTENDED AUDIT PERIOD," which was defined as January 1, 2014 to present. (*Id.*) On September 14, 2015, Defendant objected to the Requests. (ECF No. 25-7.)

On November 19, 2015, the parties filed the instant motion. (ECF No. 25.) Defendant argues Requests Nos. 3 through 10 are irrelevant and overbroad because they exceed the scope of the time period specifically alleged in the FAC. Plaintiff counters that the FAC provides Defendant with fair notice that its claims include time periods beyond the audit year 2013, and that the document requests are relevant to those claims.

## II. DISCUSSION

Pleadings are to be liberally construed under the "notice pleading" standards of the Federal Rules. Fed.R.Civ.P. 8; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007); *American Timber & Trading Co. v. First Nat'l Bank of Oregon*, 690 F.2d 781, 786 (9th Cir. 1982). Defendant's critique of the FAC is not unwarranted. Although Plaintiff indicated it wanted to extend the time period of its claims, the FAC does not explicitly reference 2014 or 2015. The only dates explicitly set forth in the FAC are from 2013. Nevertheless, under the liberal pleading standard, the FAC does give Defendant fair notice that Plaintiff seeks to recover damages for a time period beyond the year 2013. For instance, Paragraph 15 specifically refers to a $1,197.64 underpayment for 2013 and states that Defendant "has failed and refused to pay *this delinquency*." (ECF No. 19, ¶15 (emphasis added).) Then in Paragraph 16, Plaintiff states Defendant's "failure to make required contributions *remains unremedied and is continuing*." (*Id.* at ¶16 (emphasis added).) The Court finds that when these paragraphs

are read together, it is clear Paragraph 16 is referring to a subsequent time period. If Paragraph 16 were not referring to later years, it would be redundant. In addition, because the year 2013 audit has been concluded, the "additional amounts" alluded to in Paragraph 20, must relate to subsequent years. (*Id.* ¶ 20.) Therefore, the Court finds that Requests Nos. 3 through 10 are relevant to the claims Plaintiff asserts in the FAC.

Accordingly, the Court will direct Defendant to produce to Plaintiff all documents responsive to Requests Nos. 3 through 10.

### III. CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's request to compel Defendant to produce records responsive to Request for Production Nos. 3 through 10 is **GRANTED**. Defendant shall produce all responsive documents to Plaintiff within fourteen (14) days of the date of this order.

IT IS SO ORDERED.

Dated: December 9, 2015

DAVID H. BARTICK
United States Magistrate Judge